No. 23,761.

F. J. Hermann et al., *Appellees*, v. Owen J. Larkin et al., as County Commissioners of the County of Nemaha, and Effie M. Brown, as County Clerk, *Appellants*.

OPINION DENYING A REHEARING.

Appeal from Nemaha district court; William I. Stuart, judge. Opinion denying a rehearing filed February 25, 1922. (For original opinion of reversal see *ante,* p. 168, 202 Pac. 980.)

*R. M. Emery, jr.,* of Seneca, and *R. F. Hayden,* of Topeka, for the appellants.

*Clifford W. Baldwin,* of Seneca, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Mason, J.: In this case on June 7, 1921, the district court upon the pleadings allowed a peremptory writ of mandamus commanding the county commissioners and county clerk to proceed with the improvement of a public road. The judgment was reversed upon the ground that the record showed that the board had not made an effective finding that the improvement was of public utility. In a motion for a rehearing the plaintiffs urge that they are entitled to a peremptory writ for the reasons stated in the following paragraph:

The finding and order made August 4, 1919, were subject only to the condition "that said road receive federal aid to the extent of 50 per cent of cost thereof to $30,000 per mile." In a motion of both parties to advance the hearing in this court an early decision was asked upon the ground that otherwise federal aid might be lost. To this motion was attached a letter of the state highway engineer written October 27, 1921, saying that federal aid for the project had been set aside but if the commissioners were unable to proceed "we must transfer it to some other project where the board is willing to go ahead with the work." This shows conclusively that the only condition by which the finding and judgment of August 4, 1919, were limited had been fully met and therefore they have become absolute and effective.

This letter, written during the pendency of the appeal, did not change the character of the issues presented. In the absence of a stipulation to that effect, which was not made, the pleadings could not be treated as amended thereby. It is the view of the court, however, that in order to authorize the improvement of a road under the

statute it is necessary for the commissioners to make an absolute and unconditional finding of its public utility, and that a finding that it is of public utility upon a stated condition is not by the subsequent fulfillment of the condition rendered effective without further action by the board.

The motion for a rehearing is overruled.